Opinion by EVANS, J. In accordance with stipulation of counsel and on the authority of *Oy Wo Tong Co.* v. *United States* (5 Cust. Ct. 70, C. D. 372) and *Ueland* v. *United States* (T. D. 46923) the protests were sustained.

**No. 45576.**—Protests 783755–G, etc., of Lamborn & Co., Inc. (Baltimore).

Opinion by EVANS, J. On the records presented the protests were dismissed.

BEFORE THE FIRST DIVISION, MARCH 24, 1941

**No. 45577.**—Protests 32890–K, etc., of American Thermoware Co., Inc., et al. (New York).

Opinion by OLIVER, P. J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 45578.**—Protests 954382–G, etc., of Eimer & Amend (New York).

Opinion by TILSON, J. On the authority of *United States* v. *Eimer* (28 C. C. P. A. 10, C. A. D. 117) the merchandise in question was held properly classified by the collector.

BEFORE THE SECOND DIVISION, MARCH 24, 1941

**No. 45579.**—Protests 620275–G, etc., of John H. Faunce, Inc., et al. (New York).

Opinion by DALLINGER, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE THIRD DIVISION, MARCH 24, 1941

**No. 45580.**—Protest 40473–K of Dritz-Traum Co., Inc. (New York).

Opinion by CLINE, J. No evidence was offered in support of the claims made. On the record presented the protest was overruled.

**No. 45581.**—Protests 16992–K, etc., of Quong Mee Yuen & Co. et al. (New York).

Opinion by EVANS, J. In accordance with stipulation of counsel and on the authority of *Oy Wo Tong* v. *United States* (5 Cust. Ct. 70, C. D. 372) certain items were held free of duty under paragraph 1669 and drugs, sliced, were held dutiable at 10 percent under paragraph 34.

**No. 45582.**—Protest 949318–G of Tuck High & Co. (New York).

Opinion by EVANS, J. In accordance with stipulation of counsel and on the authority of *Oy Wo Tong* v. *United States* (5 Cust. Ct. 70, C. D. 372) certain items were held free of duty under paragraph 1669, and drugs, sliced, were held dutiable at 10 percent under paragraph 34.

**No. 45583.**—Protest 933861–G of A. W. Fenton Co. (Cleveland).

KEEFE, Judge: The merchandise in question consists of a winding machine declared upon entry to be for use as a sample for the purpose of taking orders, and importation thereof was allowed without the payment of duty under section 308. Tariff Act of 1930, wherein it is provided that merchandise of such character shall be admitted into the United States under such regulations as are prescribed by the Secretary of the Treasury, and under bond for exportation within 6 months from the date of importation or extension thereof. The merchandise was not exported within the prescribed period and the collector assessed liquidated damages thereon of $442.75, the full amount of the bond filed under section 308. The plaintiff contends that the sum exacted was illegal, insofar as it exceeds the duty provided upon such article in the Tariff Act of 1930.

The issue herein was duly tried and submitted and a decision rendered by this court sustaining the collector's action in *Fenton* v. *United States*, Abstract 41721, wherein the court stated:

The merchandise was granted free entry only upon condition that it would be exported within a specified period. The importer gave a bond to insure the performance of the conditions under which the grant of free entry was made. In giving a bond for performance of the conditions, the importers are presumed to know that the sum stated in the bond may be exacted as a penalty for the violation thereof at the option of the collector. In demanding and collecting the penalty imposed for violation of the terms of the bond the collector acted in accordance with law. In view of the fact that the violation of the terms of the bond is admitted, the plaintiff may not be heard to complain when the collector demands liquidated damages in the amount agreed to therein.

A motion for rehearing was filed, urging that the court erred in stating that a bond had been given to insure the exportation of the merchandise when there is no evidence in the record which supports such a presumption; and that the court's statement that liquidation was made upon entry and was suspended pending exportation is contrary to the facts, since the period for exportation expired 6 months from October 15, 1936, and the entry was not liquidated until almost 1 year from such date; that further, the entry having been liquidated, such liquidation finally fixed and determined the amount of money due the Government on the merchandise; and the court erred in holding that the collector could lawfully liquidate this entry and then suspend such liquidation pending exportation.

At the trial of this case counsel for the importer moved in evidence the case of *Cook* v. *United States*, C. D. 442, and rested. The Government moved in evidence a bond in the sum of $442.75 for redelivery to the collector of the particular merchandise in question within the bonded period for the identification of the merchandise prior to exportation. However, the bond was admitted in evidence over the objection of the importer as properly a part of the record. It is provided therein that such bond shall become void only upon proof of exportation of the merchandise being furnished to the collector.

In the case of *Cook* v. *United States, supra*, this court stated its holding in the syllabus as follows:

Upon importation of samples for taking orders under the terms prescribed in section 308, Tariff Act of 1930, the liquidation of the entry as conditionally free is held to have become final only upon exportation of said merchandise in accordance with law or upon cancelation of the bond through the payment of the penalty demanded.

In respect to bonds given pursuant to section 308, Customs Regulations of 1931, article 1252 (a), as amended in T. D. 46628, provide for the cancelation